THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. FILOMENO GONZÁLEZ ÁLVAREZ ET AL., Defendants and Appellants.

No. 10310. Argued February 1, 1944.—Decided February 18, 1944.

*J. L. Cancio* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

Filomeno González Alvarez and Julio González Alvarez have appealed from a judgment sentencing the former as owner and the latter as agent for having in their possession and offering for sale adulterated milk intended for human consumption, in violation of §1, Act No. 77, Laws of Puerto Rico, 1925 (p. 558).

The appellants allege two errors: (1) erroneous appraisal of the evidence; (2) failure to follow the doctrine laid down in *People* v. *Almodóvar,* 56 P.R.R. 509, which, as applied to the facts of this case, required the acquittal of the appellants.

 Filomeno González owns and operates a dairy at Isabela. On the date in question, Julio González, acting as the agent of his brother Filomeno, was handing a jug filled with cow's milk to a lady in a restaurant in Aguadilla, when a health inspector appeared and took a sample thereof, which on analysis proved to be 14% adulterated with water. The can was labeled: "Pure cow's milk, property of Filomeno González, ward of Guayabo, Isabela, P. R." The defendants admit that the milk was intended for human consumption. When apprehended, Julio González informed the inspector that he had just bought the milk in question from Cecilio Cortés in order to have enough milk for delivery to *ajustes* (regular customers). Julio suggested that the inspector find Cortés in order to take a sample of his milk, but the latter was unable to locate Cortés.

The only portion of the above evidence which the appellants seriously disputed was the place where he was handing

the milk to the lady. Julio asserts this took place in front of rather inside the restaurant. The appellants' testimony otherwise was that the milk was not then and there having been offered for sale; that no payment therefor was made by the said lady; and that the adulterated milk had come from Cortés and not from the regular supply of the dairy.

The contention herein that the milk in question was not being offered for sale is without substance. The admission by Julio González that he bought and furnished the milk to regular customers was sufficient to support this charge, irrespective of the time of payment therefor. (*People v. Zapata,* 54 P.R.R. 136.) Indeed, the actual consummation of a sale is not an essential element of the offense involved herein (*People v. Morillo,* 50 P.R.R. 704; *People v. Acosta,* 56 P.R.R. 132, 134).

And even if we assume that the defendants at the time the sample was taken neither had adulterated the milk nor knew that it was adulterated, such facts do not constitute a defense under the statute involved herein (*People v. Cartagena et al.,* 37 P.R.R. 428; *People v. Román,* 60 P.R.R. 604).

Since the can bore the name of the dairy of Filomeno González (*People v. Calderón,* 17 P.R.R. 459), and since it was admitted that Julio was acting as an agent of Filomeno González, there was no error in the conviction of both for the offense herein (*People v. Rubio,* 53 P.R.R. 535; *People v. Morales,* 47 P.R.R. 721).

The rule laid down in *People v. Almodóvar, supra* has no application to the facts of the instant case.

The judgment of the district court will be affirmed.